EAST BATON ROUGE PARISH
Filed Dec 06, 2021 8:11 AM
Deputy Clerk of Court
E-File Received Dec 03, 2021 5:46 PM

C-713832
27

## CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE
### STATE OF LOUISIANA

Johnnie Hardy, Jr.
    *Plaintiff,*

vs.

Savage Transportation Management Inc.

    *Defendant.*

Docket No. _____
Div. _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Johnnie Hardy, Jr. ("Plaintiff") complains of **Defendant Savage Transportation Management Inc. ("Defendant")** and would respectfully show the Court the following:

### I.

### JURISDICTION AND VENUE

### I-A.

Jurisdiction is proper in this Court because Defendant has continuous and systematic contacts with the State of Louisiana and because Defendant's negligent acts in the State of Louisiana give rise to the Plaintiff's causes of action.

### I-B.

Venue is proper in this Court under article 74 of the Louisiana Code of Civil Procedure because the Defendant's Louisiana principal place of business is in East Baton Rouge Parish.

### I-C.

Plaintiff has a suit pending against Savage Services Corporation, Savage Industrial Rail Services, Inc., and Sasol Chemicals (USA) LLC in the Middle District of Louisiana— Civil Action No. 3:20-CV-00565. That suit interrupts prescription against Defendant because it is solidarily liable with the defendants in that action for Plaintiff's injuries. LA. CIV. CODE art. 1799.

### I-D.

This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., ("FELA"). This Court has jurisdiction pursuant to 45 U.S.C. § 56, which vests concurrent jurisdiction to both the state and federal courts for actions arising under the FELA. This action may not be removed to any district court of the United States. *See* 28 U.S.C. § 1445 (a). Further, this

Certified True and
Correct Copy
CertID: 2021120700326

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2021 9:33 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Court has jurisdiction over this suit because the amount in controversy is in excess of the minimal jurisdictional limits of the Court.

### I-E.

Alternatively, to the Federal Employers' Liability Act, this suit is maintained under the Louisiana law.

### II.

### PARTIES

### II-A.

Plaintiff Johnnie Hardy, Jr. is a citizen of the United States of America and at all material times was an employee of Savage Transportation Management Inc. whose duties furthered interstate or foreign commerce and whose duties directly or closely and substantially affected interstate or foreign commerce. Plaintiff is a natural human who resides in Louisiana.

### II-B.

Defendant **Savage Transportation Management Inc.** is a common carrier by railroad under FELA. It is also foreign corporation that conducts substantial business in Louisiana. It is registered with Louisiana Secretary of State and maintains a Louisiana principal business establishment in East Baton Rouge Parish. It may be served via its registered agent: **C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.**

### III.

### FACTS

### III-A.

On or about May 8, 2020, while working within the scope of his duties as a Switchman for Defendant Savage Transportation Management Inc. ("Savage"), Plaintiff was injured when a highly-pressurized water tank exploded, causing highly pressurized water to be shot at his head, neck, and shoulder. The incident occurred at Sasol Chemicals (USA) LLC's ("Sasol") chemical plant in Westlake, Louisiana. Plaintiff was at the time operating within the course and scope of his employment as a Switchman.

2


**Certified True and Correct Copy**
CertID: 2021120700326

*Julie Gray*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2021 9:33 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

### III-B.

This incident was a direct result of the Defendant's inadequate and unsafe policies, failure to properly prepare for the job tasks being performed at the time, and failure to provide a safe work environment for Plaintiff.

### III-C.

As a result of this incident, Plaintiff sustained severe injuries to his head, neck, shoulder, and other parts of his body. The injuries and damages suffered by the Plaintiff were sustained while engaged in the course of his duties and in furtherance of interstate commerce and directly or closely and substantially affecting such commerce.

### III-D.

Savage caused Plaintiff's injuries by violating FELA and related laws enacted for the safety of railroad workers. Because of this statutory negligence and violation of the law related to FELA, Savage legally obligated to compensate Plaintiff for his injuries. Savage is liable to Plaintiff for failing to provide Plaintiff a safe place to work, in violation of the Federal Employer's Liability Act.

### III-E.

In the alternative, Savage was also substantially certain that Plaintiff's injuries would result from its failures regarding the maintenance and inspection of the water tank. The highly pressurized water tank had been leaking for numerous days. Defendant knew about the leaks, continued to use the highly pressurized water tank, and was substantial certain that injuries would occur from its failures to fix the water tank while continually using it. Because the water tank had been leaking for numerous days, it was only a matter of time for the water tank's gasket give way and cause an explosion.

### III-F.

As a direct and proximate result of Defendant's negligence, Plaintiff injured his legs, spine, and other parts of his body. Plaintiff also has ongoing traumatic stress as a result of the incident, which includes nightmares. The injuries and damages suffered by the Plaintiff were sustained while engaged in the course of his duties and in furtherance of interstate commerce and directly or closely and substantially affecting such commerce.


**Certified True and Correct Copy**
CertID: 2021120700326

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2021 9:33 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

III-G.

Plaintiff's injuries are severely painful, disfiguring, and debilitating. They harm the quality of his life, and have required both past and future medical treatment. These injuries are permanent. They have impaired Plaintiff's ability to work, and he has lost income because of them. Plaintiff has suffered, and will continue to suffer, other damages as a result of the injuries described above. In this lawsuit, he claims compensation for all injuries and damages recoverable under FELA, or in the alternative, under Louisiana law, whether or not specifically alleged.

IV.

NEGLIGENCE

IV-A.

Plaintiff incorporates by reference each and every allegation in Section III above as if set forth in full herein.

IV-B.

Plaintiff's injuries resulted in whole or in part from the negligence and gross negligence of Defendant. Defendant breached its duties to Plaintiff, was negligent and responsible for, among other things:

a.    failing to provide Plaintiff with a safe place to work;

b.    failing to reasonably supervise their employees;

c.    failing to maintain the pressure tank in a reasonably safe condition;

d.    failing to repair the pressure tank;

e.    failing to warn Plaintiff of dangers associated with the pressure tank;

f.    failing to make the work area near the pressure tank safe;

g.    failing to follow safe management practices with the goal of providing Plaintiff a safe work environment;

h.    failing to provide adequate equipment;

i.    failing to provide their employees' with proper instructions and orders;

j.    failing to adequately protect him from dangerous conditions;

k.    failing to test or properly evaluate the conditions and equipment with which he was required to work;

4




**Certified True and Correct Copy**
CertID: 2021120700326

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2021 9:33 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

l.    failing to adopt and enforce proper rules, regulations, and procedures concerning work practices and work areas; and

m.    Other acts so deemed negligent and grossly negligent.

Plaintiff's injuries came about as a direct and proximate result of Defendant's negligent conduct. Plaintiff now seeks all damages available under law for his injuries that occurred as a result of Defendant's conduct.

## V.

### DAMAGES

### V-A.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious injuries, including bodily injury resulting in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, pharmaceutical and medical expenses, loss of earnings, and loss of future earning capacity. The losses are permanent and continuing in nature. Plaintiff will continue to suffer these losses in the future.

### V-B.

Further, Plaintiff sustained severe injuries to his body and mind, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, cognitive injury, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment, cognitive injury and mental anguish will continue indefinitely.

### V-C.

Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

## VI.

### RESERVATION OF RIGHTS

### VI-A.

Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery and as his investigation continues.

5

**Certified True and Correct Copy**
CertID: 2021120700326

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2021 9:33 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## VII.

### REQUEST FOR TRIAL BY JURY

#### VII-A.

Plaintiff requests a trial by jury.

## VIII.

### PRAYER

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show himself justly entitled.

DATED: December 3, 2021.

Respectfully submitted,

ARNOLD & ITKIN LLP

/s/ Trenton A. Shelton
Trenton A. Shelton
LA Bar Roll No. 39675
Noah M. Wexler
LA Bar Roll No. 34995
Ben Bireley
LA Bar Roll No. 37587
Texas State Bar No. 24060816
6009 Memorial Drive
Houston, Texas 77007
PH:     (713) 222-3800
FAX:    (713) 222-3850

*Plaintiff's Attorneys*

### CERTIFICATE OF SERVICE

I certify that this pleading was served on counsel of record for all parties in accordance with the Louisiana Code of Civil Procedure on December 3, 2021.

/s/ Trenton A. Shelton
Trenton A. Shelton

6


**Certified True and Correct Copy**
CertID: 2021120700326

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2021 9:33 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**PLEASE SERVE DEFENDANTS AS FOLLOWS:**

| | |
|---|---|
| Savage Transportation Management Inc.<br>c/o registered agent:<br>C T Corporation System<br>Baton Rouge, Louisiana 70816 | |
| | |

7



**Certified True and Correct Copy**
CertID: 2021120700326

_____
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
12/7/2021 9:33 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).